Daniel A. Pollack (*pro hac vice*)
dpollack@mccarter.com
Edward T. McDermott (*pro hac vice*)
emcdermott@mccarter.com
Anthony Zaccaria (*pro hac vice*)
azaccaria@mccarter.com
**McCARTER & ENGLISH, LLP**
245 Park Avenue, 27th Floor
New York, NY 10167
Telephone: (212) 609-6800
Facsimile: (212) 609-6921
*Attorneys for Defendants Franklin/Templeton Distributors, Inc., Charles B. Johnson and Rupert H. Johnson*

Mark Holland (*pro hac vice*)
mholland@goodwinprocter.com
Mary K. Dulka (*pro hac vice*)
mdulka@goodwinprocter.com
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333
*Attorneys for Defendants Ashton, Carlson, Ginn, Holiday, Lahaye, Olson, Thompson, Wilson and Franklin Custodian Funds*

- and -

Lloyd Winawer (State Bar No. 157823)
lwinawer@goodwinprocter.com
Susanne N. Geraghty (State Bar No. 218098)
sgeraghty@goodwinprocter.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, CA 94025-1105
Telephone: (650) 752-3100
Facsimile: (650) 853-1038
*Attorneys for All Defendants*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| BRADLEY C. SMITH, derivatively on behalf of FRANKLIN CUSTODIAN FUNDS,<br><br>Plaintiff,<br>v.<br>FRANKLIN/TEMPLETON DISTRIBUTORS, INC., HARRIS J. ASHTON, ROBERT F. CARLSON, SAM GINN, EDITH E. HOLIDAY, FRANK W.T. LAHAYE, FRANK A. OLSON, LARRY D. THOMPSON, JOHN B. WILSON, CHARLES B. JOHNSON, AND RUPERT H. JOHNSON,<br><br>Defendants,<br>and<br>FRANKLIN CUSTODIAN FUNDS,<br><br>Nominal Defendant. | Case No. C 09-4775 PJH<br><br>**NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS THE AMENDED COMPLAINT**<br><br>Date:   October 27, 2010<br>Time:   9:00 a.m.<br>Place:  Courtroom 3<br>Judge:  Hon. Phyllis J. Hamilton |

NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT
OF MOTION OF DEFENDANTS TO DISMISS THE AMENDED COMPLAINT
 C-09-4775 PJH
ME1 10355723v.10

# TABLE OF CONTENTS

|   | Page |
|---|---|
| TABLE OF AUTHORITIES……………………………………………………….. | ii |
| NOTICE OF MOTION AND MOTION………………………………………………… | 1 |
| MEMORANDUM OF POINTS AND AUTHORITIES…………………………………. | 2 |
|     ISSUES TO BE DECIDED………………………………………………............ | 2 |
|         The relevant facts…………………………………………………………… | 2 |
| LEGAL ARGUMENT………………………………………………………………… | 3 |
|     The Amended Complaint — "same old, same old"………………………….. | 3 |
|     Point I  —  The Amended Complaint fails to comply with Rule 8(a)(2) FRCP………………………………………………….. | 5 |
|     Point II  — The Amended Complaint fails to state a claim under § 47(b) of the Act…………………………………………….. | 6 |
|         A.  § 36(a) does not provide the necessary predicate violation ……………. | 6 |
|         B.  Rule 38a-1 does not provide the necessary predicate violation ………... | 10 |
|     Point III — Other Matters………………………………………………….. | 11 |
| CONCLUSION………………………………………………………………………... | 12 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alexander v. Sandoval*,
　532 U.S. 275 (2001) ........................................................................................................... 7

*In re American Mutual Funds Fee Litig.*,
　2005 WL 3989803 (C.D. Cal. Dec. 16, 2005) ................................................................... 7

*Ashcroft v. Iqbal*,
　____ U.S. ____, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................................ 6

*Bellikoff v. Eaton Vance Corp.*,
　481 F. 3d 110 (2d Cir. 2007) ............................................................................................. 7

*Boyce v. AIM Management Group, Inc.*,
　2006 U.S. Dist. LEXIS 71062 (S.D. Tex. Sept. 29, 2006) ................................................ 7

*Chevron USA, Inc. v. Lingle*,
　363 F. 3d 846 (9th Cir. 2004) ............................................................................................ 5

*Davis v. Bailey*,
　2005 U.S. Dist. LEXIS 38204 (D. Col. Dec. 22, 2005) ................................................. 7, 9

*Dull v. Arch*,
　2005 U.S. Dist. LEXIS 14988 (N.D. Ill. July 27, 2005) ................................................ 7, 9

*Forsythe v. Sun Life Fin., Inc.*,
　417 F. Supp. 2d 100 (D. Mass. 2006) ................................................................................ 7

*In re Franklin Mutual Funds Fee Litig.*,
　388 F.Supp.2d 451 (D.N.J. 2005) ...................................................................................... 7

*Jacobs v. Bremner*,
　378 F. Supp. 2d 861 (N.D. Ill. 2005) ............................................................................. 7, 9

*In re Lord Abbett Mutual Funds Fee Litig.*,
　385 F. Supp. 2d 471 (D.N.J. 2005) .................................................................................... 7

*Lower Elwha Band of S'Klallams v. Lummi Indian Tribe*,
　235 F. 3d 443 (9th Cir. 2000) ............................................................................................ 5

*Mutchka v. Harris*,
    373 F. Supp. 2d 1021 (C.D. Cal. 2005) ............................................................................... 7, 8

*Northstar Fin. Advisors, Inc. v. Schwab Investments,* 2010
    U.S. App. LEXIS 16706 (9th Cir. August 12, 2010) ............................................................ 7

*Prescott v. Allstate Life Ins. Co.*,
    341 F. Supp. 2d 1023 (N.D.Ill. 2004) ..................................................................................... 9

*Smith v. Franklin/Templeton Distributors, Inc.*,
    2010 U.S. Dist. LEXIS 56516 (N.D. Cal. June 8, 2010) ....................................................... 3

*Stegall v. Ladner*,
    394 F. Supp.2d 358 (D. Mass. 2005) .................................................................................. 7, 9


**STATUTES AND RULES**

§ 36(a) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(a) ..................... 6, 7, 8, 9, 10

§ 47(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-46(b) ............................. passim

Rule 8(a)(2), Fed. R. Civ. P. ........................................................................................................ 1, 5

Rule 12(b)(6), Fed. R. Civ. P. ......................................................................................................... 1

Rule 23.1, Fed. R. Civ. P. ..................................................................................................... 1, 2, 11

SEC Rule 12b-1, 17 C.F.R. § 270.12b-1 ................................................................................ 2, 7, 9

SEC Rule 38a-1, 17 C.F.R. § 270.38a-1 ........................................................................... 7, 8, 9, 10

NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT
OF MOTION OF DEFENDANTS TO DISMISS THE AMENDED COMPLAINT
C-09-4775 PJH
ME1 10355723v.10

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on October 27, 2010, at 9:00 a.m., Defendants Franklin/ Templeton Distributors, Inc., Charles B. Johnson, Rupert H. Johnson, Harris J. Ashton, Robert F. Carlson, Sam Ginn, Edith E. Holiday, Frank W.T. LaHaye, Frank A. Olson, Larry D. Thompson, John B. Wilson and the Franklin Custodian Funds (collectively "All Defendants") will move this Court pursuant to Rules 8(a)(2), 12(b)(6) and 23.1 Fed. R. Civ. P. for an Order dismissing the Amended Complaint in this action.

The relief All Defendants seek is an Order:  1) dismissing the claim (styled "First Cause of Action [sic]") under § 47(b) of the Investment Company Act of 1940 ("the Act"), the sole federal claim in the Amended Complaint, with prejudice, for failure to state a claim upon which relief may be granted; or, <u>alternatively</u>,  2) dismissing the claim under § 47(b), with prejudice, on the ground that the Amended Complaint fails to plead facts, with sufficient particularity, as required by Rule 23.1 Fed. R. Civ. P. and Delaware law, to overcome the strong presumption in favor of the Trustees' good faith exercise of their business judgment;  3) in either event, declining to exercise supplemental jurisdiction over the State law claims (styled "Second, Third and Fourth Causes of Action [sic]").

The Motion to Dismiss is based on the accompanying Memorandum of Points and Authorities, the Amended Complaint, together with exhibits attached thereto, as well as all prior pleadings and proceedings heretofore had in this action, including, particularly, this Court's Order of June 8, 2010, the oral argument of counsel and any other matter that may be properly submitted.

1

NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT
OF MOTION OF DEFENDANTS TO DISMISS THE AMENDED COMPLAINT
 C-09-4775 PJH
ME1 10355723v.10

# MEMORANDUM OF POINTS AND AUTHORITIES

## ISSUES TO BE DECIDED

1. Does the First Cause of Action in the Amended Complaint state a legally cognizable claim under § 47(b) of the Act where there is no predicate violation of the Act such as to trigger the remedy of § 47(b)?

2. <u>Alternatively</u>, should the First Cause of Action be dismissed for failure to comply with Rule 23.1 Fed. R. Civ. P. and the Delaware "business judgment rule"?

3. Should the Court, in either event, decline to exercise supplemental jurisdiction over the State law claims if it dismisses the <u>sole</u> Federal claim?

**The relevant facts**

1. On January 8, 2009, Michael Spencer, Esq. of Milberg LLP wrote the Board of Trustees of Franklin Custodian Funds, on behalf of Bradley C. Smith, an owner of Class C shares of the Franklin Income Fund ("the Fund"), a series of Franklin Custodian Funds, demanding (a) cessation of payment of "Asset-Based Compensation" [*i.e.* 12b-1 fees] paid by the Fund to broker-dealers, and (b) institution of litigation to recover 12b-1 fees previously paid pursuant to the Fund's 12b-1 Plan. *See* Exh. 1 to Amended Complaint.

2. On March 4, 2009, Brian E. Lorenz, Esq. of Bleakley Platt & Schmidt, LLP, counsel to the Independent Trustees of Franklin Custodian Funds, wrote Mr. Spencer advising him that "The Board of Trustees has carefully considered Mr. Smith's demands … and has sought and considered legal advice on the subject matter of the demands. The Board of Trustees has determined that the demands are not well-founded, as a matter of law, and declines to take the steps, including litigation, that you propose." *See* Exh. 2 to Amended Complaint.

3. No other events occurred in this case for more than seven months thereafter. On

2

NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT
OF MOTION OF DEFENDANTS TO DISMISS THE AMENDED COMPLAINT
C-09-4775 PJH
ME1 10355723v.10

October 6, 2009, notwithstanding the rejection of his demands by the Independent Trustees, Mr. Smith, through Milberg LLP, filed the first complaint in this action. Service of process on all defendants was not completed until December 18, 2009.

4. On January 22, 2010, Defendants filed a Motion to Dismiss the first complaint, and the Court heard oral argument on April 14, 2010. On June 8, 2010, the Court issued its Opinion on the motion, granting Defendants' Motion to Dismiss the claim under § 47(b), and permitting the Plaintiff to file an amended complaint amending only the § 47(b) claim. *Smith v. Franklin/ Templeton Distributors, Inc.*, 2010 U.S. Dist. LEXIS 56516 (N.D. Cal. June 8, 2010). The Court further stated that any motion to dismiss the amended complaint should address only the amended claim under § 47(b), and that in the event that Plaintiff is unable to state a claim under § 47(b), "it is the court's intention to decline to exercise supplemental jurisdiction over the remaining state law claims …" (*id*. at *24).

5. On July 7, 2010, Plaintiff filed the Amended Complaint. The Amended Complaint, like the first complaint, contains only a single Federal claim (denominated "First Cause of Action [sic]"), under § 47(b) of the Act, 15 U.S.C. § 80a-46(b), and three State law claims (styled "Second, Third and Fourth Causes of Action [sic]").

6. This Motion to Dismiss followed, and was duly filed on August 20, 2010.

## LEGAL ARGUMENT

### The Amended Complaint — "same old, same old"

The **sole** Federal claim in the Amended Complaint (First Cause of Action) is asserted under § 47(b) of the Act. That claim remains legally insufficient and should be dismissed, this

3

time with prejudice. Further, the Court, we respectfully submit, should act on its previously-stated intention and decline to exercise supplemental jurisdiction over the State law claims (Second, Third and Fourth Causes of Action).

By Order of June 8, 2010, the Court dismissed the First Cause of Action of the first Complaint (§ 47(b)) and granted Plaintiff a limited right to re-plead, as to that claim only. The Court made extensive legal rulings, none of which Plaintiff has paid the slightest attention to in his Amended Complaint.

1. The Court held: "By its terms, **§ 47(b) provides a remedy** for a violation of 'any provision of [the ICA] or of any rule, regulation, or order thereunder,' **rather than a distinct cause of action or basis for liability**."

2. The Court held: "**The court finds no language in ICA § 47(b) sufficient to create a private right of action** under that statute, **absent a showing of some other violation of the ICA**."

3. The Court held: "**Nor does SEC Rule 38a-1 itself create a private right of action** under ICA § 47(b). A private right of action to enforce an alleged violation of a federal statute must be created by Congress, not by an agency rule."

4. The Court held: "As for the provision in § 47 (b) relating to the 'violation of … any rule [or] regulation' under the ICA, **there are no facts pled in the complaint which, if proved, would state a claim for violation of Rule 38a-1** … Plaintiff has pled no facts identifying any defect in the Rule 38a-1 related compliance policies and procedures of Franklin Custodian Funds, the registered investment company in this case."

5. The Court held: "The <u>**Financial Planning**</u> case, on which plaintiff relies, **is irrelevant to the payment of the distribution fees (known as '12b-1 fees')** [footnote omitted] that plaintiff challenges in the present case. The fees that were being paid to the broker-dealers in the <u>Financial Planning</u> case were for services to customers, including fees for investment advice. By contrast, in the present case, the fees paid under SEC Rule 12b-1 are fees paid by a fund (here, the Trust) in connection with the **distribution** of fund shares."

6. The Court held: "The <u>Financial Planning</u> court did not discuss Rule 12b-1 fees; and, **even if the <u>Financial Planning</u> decision applied to Rule 12b-1 fees, that would not have meant that the payment of such fees violated the IAA** - just that the

4

NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT
OF MOTION OF DEFENDANTS TO DISMISS THE AMENDED COMPLAINT
C-09-4775 PJH
ME1 10355723v.10

      broker-dealers who received such fees would be required to register under the IAA."

7. The Court held: "**SEC Rule 38a-1 does not impose on funds a duty to assure that the broker-dealers comply with registration requirements**. Rather, it requires funds to adopt and implement compliance programs that are 'reasonably designed to prevent violation of the Federal Securities Laws by the fund' and to provide oversight of compliance by certain entities specified in the Rule … but which do not include the broker-dealer firms referenced or identified in the complaint as the recipients of the 12b-1 fees."

8. The Court held: "Finally, to the extent that plaintiff may be attempting to assert a violation of the IAA **as the predicate for the § 47 (b) claim, the court notes that § 47(b) applies only to** '[a] contract that is made, or whose performance involves, **a violation of' the ICA** or any rule or regulation promulgated thereunder - **not a violation of the IAA**."

9. The Court held: "**Because** the **complaint alleges no** violation of the ICA which can provide a **predicate for the claim under § 47 (b)**, the court finds that the **§ 47(b) claim fails to state a claim** and must be dismissed."

No new facts of consequence have been added by Plaintiff in the Amended Complaint, and no section of the Act under which Plaintiff has a private right of action is invoked, such as would trigger the use of § 47(b). In short, the Amended Complaint is "same old, same old."[1]

### Point I  —  The Amended Complaint fails to comply with Rule 8(a)(2) FRCP

As a threshold matter, the Amended Complaint fails to meet the most basic standard of pleading required by the Federal Rules. Rule 8(a)(2) provides:

      A pleading … must contain: … (2) a **short** and **plain** statement of the claim …

The Amended Complaint does not contain <u>either</u> a **short** or a **plain** statement of the claim.

---

[1] Under "law of the case" doctrine (admittedly a discretionary doctrine) it is within the power of the Court to dismiss the Amended Complaint on this ground alone. *See Chevron USA, Inc. v. Lingle*, 363 F. 3d 846, 850-51 (9th Cir. 2004); *Lower Elwha Band of S'Klallams v. Lummi Indian Tribe*, 235 F. 3d 443, 452 (9th Cir. 2000).

5

NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT
OF MOTION OF DEFENDANTS TO DISMISS THE AMENDED COMPLAINT
C-09-4775 PJH
ME1 10355723v.10

Instead, it is a prolix diatribe more akin to a (misguided) law lecture or, at best, a legal brief. *See e.g.* paras. 2-5; 22-39; 41-44; 46-53; 56-60; 64-94; 101-108 of the Amended Complaint. For this reason, among others, the Amended Complaint should be dismissed. *See Ashcroft v. Iqbal*, ____ U.S. ____, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009):

> A pleading that offers "labels and conclusions" … will not do. … Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." [citation omitted]
>
> \*   \*   \*
>
> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

### Point II — The Amended Complaint fails to state a claim under § 47(b) of the Act

The Court has already held that § 47(b) does not contain an independent private right of action — as the text of § 47(b) and case law make abundantly clear, § 47(b) is a remedy section only; Plaintiff has failed to plead the predicate violation of <u>any</u> section of the Act (or any rule or regulation under the Act) that provides him with a private right of action, such that he may invoke the remedy of § 47(b). As we have said before: $0 + 0 = 0$. No private right + no private right = no private right.

**A. § 36(a) does not provide the necessary predicate violation**

(1) **no private right of action** — Plaintiff, in the Amended Complaint, makes reference to § 36(a) of the Act, but that section does not provide either an express or an implied private right of action. As recognized by this Court (2010 U.S. Dist. LEXIS 56516, at *10), the text of § 36(a)

6

NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT
OF MOTION OF DEFENDANTS TO DISMISS THE AMENDED COMPLAINT
C-09-4775 PJH
ME1 10355723v.10

permits only the SEC, not private litigants, to pursue an action under that section. Further, subsequent to *Alexander v. Sandoval*, 532 U.S. 275, 285-91 (2001), courts have also uniformly declined to <u>imply</u> a private right of action under § 36(a). *See Boyce v. AIM Management Group, Inc.*, 2006 U.S. Dist. LEXIS 71062, at \*\*9-10 (S.D. Tex. Sept. 29, 2006); *In re Franklin Mutual Funds Fee Litig.*, 388 F.Supp.2d 451, 464-67 (D.N.J. 2005); *Bellikoff v. Eaton Vance Corp.*, 481 F. 3d 110, 115-17 (2d Cir. 2007); *Mutchka v. Harris*, 373 F. Supp. 2d 1021, 1026-27 (C.D. Cal. 2005); *In re American Mutual Funds Fee Litig.*, 2005 WL 3989803, at \*\* 2-3 (C.D. Cal. Dec. 16, 2005); *Dull v. Arch*, 2005 U.S. Dist. LEXIS 14988, at \*\*7-8 (N.D. Ill. July 27, 2005); *Forsythe v. Sun Life Fin., Inc.*, 417 F. Supp. 2d 100, 105-08 (D. Mass. 2006); *In re Lord Abbett Mutual Funds Fee Litig.*, 385 F. Supp. 2d 471, 485-88 (D.N.J. 2005); *Stegall v. Ladner*, 394 F. Supp.2d 358, 367-72 (D. Mass. 2005); *Davis v. Bailey*, 2005 U.S. Dist. LEXIS 38204, at \*\*8-15 (D. Col. Dec. 22, 2005); *Jacobs v. Bremner*, 378 F. Supp. 2d 861, 866-68 (N.D. Ill. 2005).

Of enormous import in regard to the absence of implied rights under the Act (although not a case under § 36(a)) is the Opinion released last week (August 12, 2010) by the Court of Appeals for the Ninth Circuit in *Northstar Fin. Advisors, Inc. v. Schwab Investments,* 2010 U.S. App. LEXIS 16706, at \*\*25-27 (9th Cir. August 12, 2010). In that Opinion, the Court of Appeals rejected the idea that there are <u>any</u> rights to be <u>implied</u> under the Act, holding that both the structure and language of the Act, as well as the legislative history, preclude <u>any</u> implied rights:

> We next turn to the structure of the ICA to determine whether it suggests any congressional intent to allow private enforcement. Our Circuit has not done this analysis, but the Second Circuit, twice in the past decade, has analyzed the ICA's statutory scheme for evidence of congressional intent to create a private right of action to enforce other sections of the Act, and has concluded that no such evidence exists.

\*   \*   \*

7

NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT
OF MOTION OF DEFENDANTS TO DISMISS THE AMENDED COMPLAINT
C-09-4775 PJH
ME1 10355723v.10

> **We now agree with the Second Circuit that the structure of the ICA does not indicate that Congress intended to create an implied private right to enforce the individual provisions of the Act.** In §§ 6 and 42 of the ICA, Congress expressly authorized the SEC to enforce all of the provisions of the Act by granting the Commission broad authority to investigate suspected violations; initiate actions in federal court for injunctive relief or civil penalties; and create exemptions from compliance with any ICA provision, consistent with the statutory purpose and the public interest.  15 U.S.C. §§ 80a-6(c), 80a-41.  **This thorough delegation of authority to the SEC to enforce the ICA strongly suggests Congress intended to preclude other methods of enforcement.**  *Sandoval*, 532 U.S. at 290.  The Supreme Court has also cautioned that "where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."  *Transamerica*, 444 U.S. at 19.  Because the statutory scheme of the ICA provides for thorough SEC enforcement of the Act's provisions, including § 13(a), "it is highly improbable that Congress absentmindedly forgot to mention an intended private action."  *Id*. at 20 (internal quotation marks and citation omitted).
>
> Moreover, it is evident from the text of the ICA that Congress knew how to create a private right of action to enforce a particular section of the Act when it wished to do so.  In § 30(f) of the original 1940 Act (now codified at 15 U.S.C. § 80a-29(h)), Congress expressly authorized private suits for damages against insiders of closed-end investment companies who make short-swing profits.  *Transamerica*, 444 U.S. at 20 & n.10.  Congress created a second express private right of action in 1970 when it added § 36(b) to the ICA, which allows shareholders to sue an investment company's advisor and its affiliates for breach of certain fiduciary duties relating to management fees.  15 U.S.C. § 80a-35(b); *Bellikoff*, 481 F. 3d at 116; *Olmsted*, 283 F. 3d at 433.  Congress's enactment of these two express private rights of action elsewhere in the ICA, without the enactment of a corresponding express private right of action to enforce § 13(a), indicates that Congress did not, by its silence, intend a private right of action to enforce § 13(a).  *See In re Digimarc*, 549 F. 3d at 1232-33.  (emphasis supplied)

Since there is neither an express nor an implied right of action under § 36(a), that section simply cannot provide the necessary predicate violation for a claim under § 47(b).  *See Mutchka*, 373 F. Supp. 2d at 1027 (since there is no private right of action under § 36(a), claim under

8

§ 47(b) must be dismissed); *Davis*, 2005 U.S. Dist. LEXIS 38204, at **18-19; *Stegall*, 394 F. Supp. 2d at 378; *Dull*, 2005 U.S. Dist. LEXIS 14988, at *8.

(2) **no facts pled** — Even if there were a private right of action under § 36(a) (which there is not), or even if a violation of § 36(a) could provide a predicate violation for a claim under § 47(b) (which it cannot), Plaintiff has failed to plead facts which, if proved, would constitute a violation of § 36(a). As this Court ruled, "even if the *Financial Planning* decision applied to Rule 12b-1 fees, that would not have meant that the payment of such fees violated the IAA" and "SEC Rule 38a-1 does not impose on funds a duty to assure that the broker-dealers comply with registration requirements." 2010 U.S. Dist. LEXIS 56516, at **22-23. These rulings demolish the notion that Plaintiff has pled a breach of fiduciary duty under § 36(a).

(3) **no "personal misconduct"** — Finally, § 36(a) prohibits any "act or practice constituting a breach of fiduciary duty involving **personal misconduct**." (emphasis supplied). 15 U.S.C. § 80a-35(a). As the court in *Prescott v. Allstate Life Ins. Co.*, 341 F. Supp. 2d 1023, 1029 (N.D.Ill. 2004) held:

> Defendant moves to dismiss Plaintiffs' claim under § 36(a) because "plaintiff has failed to plead personal misconduct or self-dealing." … Indeed, **§ 36(a) does not provide redress for a general breach of fiduciary duty. Rather, a cognizable claim must contain allegations of a breach "involving personal misconduct;" to hold otherwise would render these modifying words in the statute superfluous**. While other courts have adopted more liberal standards for section 36(a) claims, *see, e.g., Young v. Nationwide Life Ins. Co.*, 2 F. Supp. 2d 914, 927 (S.D.Tex. 1998), **we find that "personal misconduct" refers to "misconduct that involves self-dealing by investment company or other insiders."** … As the *Nuveen* court noted, "Congress adopted the ICA primarily to address the unique problems of investment adviser self-dealing in the investment fund industry." … Plaintiffs do not allege any self-dealing or even personal impropriety by Allstate and therefore fail to state a claim under §36(a). (emphasis supplied)

*See also*, *Davis*, 2005 U.S. Dist. LEXIS 38204, at *15, n.1; *Jacobs*, 378 F. Supp. 2d at 866-67.

9

NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT
OF MOTION OF DEFENDANTS TO DISMISS THE AMENDED COMPLAINT
C-09-4775 PJH
ME1 10355723v.10

Thus, to state a legally cognizable claim under § 36(a), Plaintiff, at a minimum, would have had to allege facts which, if proved, would constitute "personal misconduct". No such facts are alleged in the Amended Complaint.

## B. Rule 38a-1 does not provide the necessary predicate violation

Plaintiff also appears to be trying to resurrect Rule 38a-1 as a predicate violation for the invocation of § 47(b), but this Court has already ruled that out:

> **Nor does SEC Rule 38a-1 itself create a private right of action** under ICA § 47(b). A private right of action to enforce an alleged violation of a federal statute must be created by Congress, not by an agency rule. 2010 U.S. Dist. LEXIS 56516, at **20-21.

Moreover, as was the case with the first Complaint, "Plaintiff has pled no facts identifying any defect in the Rule 38a-1 related compliance policies and procedures of Franklin Custodian Funds…." (*Id*.) If, by chance, Plaintiff is asserting that such a "defect" was the supposed failure of the Defendants to assure that broker-dealers were registered under the Investment Advisers Act of 1940, this allegation, too, was addressed, and rejected by the Court:

> **SEC Rule 38a-1 does not impose on funds a duty to assure that the broker-dealers comply with registration requirements**. Rather, it requires funds to adopt and implement compliance programs that are "reasonably designed to prevent violation of the Federal Securities Laws by the fund" and to provide oversight of compliance by certain entities specified in the Rule … but which do not include the broker-dealer firms referenced or identified in the complaint as the recipients of the 12b-1 fees. (*Id*. at *23).

In short, the § 47(b) claim in the Amended Complaint is no more legally cognizable than it was in the first Complaint. The claim should be dismissed, this time with prejudice.

10

NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT
OF MOTION OF DEFENDANTS TO DISMISS THE AMENDED COMPLAINT
C-09-4775 PJH
ME1 10355723v.10

### Point III — Other matters

As to other arguments for dismissal, including but not limited to those based on the Delaware business judgment rule, Rule 23.1 Fed. R. Civ. P., and supplemental jurisdiction, we respectfully rely (if, and to the extent that, the Court reaches those issues) on the arguments made in our Motion to Dismiss the first Complaint. We are mindful of this Court's Order of June 8, 2010 that we are now to address only § 47(b):

> Any motion to dismiss the amended complaint shall address only the amended claim under § 47(b). (2010 U.S. Dist. LEXIS 56516, at *24).

11

NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT
OF MOTION OF DEFENDANTS TO DISMISS THE AMENDED COMPLAINT
 C-09-4775 PJH
ME1 10355723v.10

## CONCLUSION

The § 47(b) claim should be dismissed with prejudice, and the Court should decline to exercise supplemental jurisdiction over the State law claims.

Dated:   August 20, 2010

| | |
|---|---|
| **McCARTER & ENGLISH, LLP** | **GOODWIN PROCTER LLP** |
| /s/  Daniel A. Pollack<br>By:_____<br>    Daniel A. Pollack<br>    Edward T. McDermott<br>    Anthony Zaccaria | /s/  Mark Holland<br>By:_____<br>    Mark Holland<br>    Mary K. Dulka |
| 245 Park Avenue, 27th Floor<br>New York, NY 10167<br>Telephone:  (212) 609-6800<br>Facsimile:   (212) 609-6921 | The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Telephone:  (212) 813-8800<br>Facsimile:   (212) 355-3333 |
| *Attorneys for Defendants Franklin/Templeton Distributors, Inc., Charles B. Johnson and Rupert H. Johnson* | *Attorneys for Defendants Ashton, Carlson, Ginn, Holiday, Lahaye, Olson, Thompson, Wilson and Franklin Custodian Funds* |

- and -

**GOODWIN PROCTER LLP**

/s/  Susanne N. Geraghty
By:_____
    Lloyd Winawer
    (State Bar No. 157823)
    *lwinawer@goodwinprocter.com*
    Susanne N. Geraghty
    (State Bar No. 218098)
    *sgeraghty@goodwinprocter.com*
135 Commonwealth Drive
Menlo Park, CA 94025-1105
Telephone:  (650) 752-3100
Facsimile:   (650) 853-1038

*Attorneys for All Defendants*

Of Counsel:
   Brian E. Lorenz, Esq.

12

NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT
OF MOTION OF DEFENDANTS TO DISMISS THE AMENDED COMPLAINT
C-09-4775 PJH
ME1 10355723v.10

**PROOF OF SERVICE**

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 20TH day of August, 2010.

/s/ Susanne N. Geraghty
Susanne N. Geraghty

1
[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT
C-09-4775 PJH