1  Daniel A. Pollack (*pro hac vice*)  Mark Holland (*pro hac vice*)
   dpollack@mccarter.com              mholland@goodwinprocter.com
2  Edward T. McDermott (*pro hac vice*)  Mary K. Dulka (*pro hac vice*)
   emcdermott@mccarter.com            mdulka@goodwinprocter.com
3  Anthony Zaccaria (*pro hac vice*)  **GOODWIN PROCTER LLP**
   azaccaria@mccarter.com             The New York Times Building
4  **McCARTER & ENGLISH, LLP**        620 Eighth Avenue
   245 Park Avenue, 27th Floor        New York, NY 10018
5  New York, NY 10167                 Telephone:  (212) 813-8800
   Telephone:  (212) 609-6800         Facsimile:  (212) 355-3333
6  Facsimile:  (212) 609-6921         *Attorneys for Defendants Ashton, Carlson, Ginn,*
   *Attorneys for Defendants Franklin/Templeton*  *Holiday, Lahaye, Olson, Thompson, Wilson and*
7  *Distributors, Inc., Charles B. Johnson and*   Franklin Custodian Funds
   *Rupert H. Johnson*

8                                  - and -

9                           Lloyd Winawer (State Bar No. 157823)
                            lwinawer@goodwinprocter.com
10                          Susanne N. Geraghty (State Bar No. 218098)
                            sgeraghty@goodwinprocter.com
11                          **GOODWIN PROCTER LLP**
                            135 Commonwealth Drive
12                          Menlo Park, CA 94025-1105
                            Telephone:  (650) 752-3100
13                          Facsimile:  (650) 853-1038
                            *Attorneys for All Defendants*
14

15                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
16                          **OAKLAND DIVISION**

17  | | |
    |---|---|
    | BRADLEY C. SMITH, derivatively on behalf of FRANKLIN CUSTODIAN FUNDS, | Case No. C 09-4775 PJH |
    | Plaintiff, | **REPLY MEMORANDUM** |
    | v. | |
    | FRANKLIN/TEMPLETON DISTRIBUTORS, INC., HARRIS J. ASHTON, ROBERT F. CARLSON, SAM GINN, EDITH E. HOLIDAY, FRANK W.T. LAHAYE, FRANK A. OLSON, LARRY D. THOMPSON, JOHN B. WILSON, CHARLES B. JOHNSON, AND RUPERT H. JOHNSON, | Date: October 27, 2010<br>Time: 9:00 a.m.<br>Place: Courtroom 3<br>Judge: Hon. Phyllis J. Hamilton |
    | Defendants,<br>and<br>FRANKLIN CUSTODIAN FUNDS, | |
    | Nominal Defendant. | |

1

**TABLE OF CONTENTS**

2
3
                                                                             **Page**

| | |
|---|---|
| TABLE OF AUTHORITIES ……….………………………………..………….. | ii |
| Overview of Reply…………………………………………………………….……. | 1 |
|     Reply to Point A. —<br>        The Amended Complaint fails to comply with Rule 8(a)(2), Fed. R. Civ. P….. | 1 |
|     Reply to Point B.1. —<br>        Section 47(b) does not provide an independent private right of action………... | 2 |
|     Reply to Point B.2. —<br>        Section 36(a) does not provide the necessary predicate violation……………... | 4 |
|     Reply to Point B.3. —<br>        Rule 38a-1 does not provide the necessary predicate violation……………….. | 5 |
|     Reply to Point B.4. —<br>        The so-called "additional allegations" do not provide the necessary<br>        predicate violation……………………………………………………………… | 6 |
| Conclusion…………………………………………………………………………….. | 8 |

REPLY MEMORANDUM
C-09-4775 PJH
ME1 10658350v.1

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alexander v. Sandoval*,
    532 U.S. 275 (2001) .................................................................................................... 3

*Ante v. Office Depot Bus. Servs.*,
    641 F. Supp. 2d 906 (N.D. Cal. 2009) ....................................................................... 1

*Ashcroft v. Iqbal*,
    ____ U.S. ____, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ..................................... 1

*Berckeley Inv. Group Ltd. v. Colkitt*,
    455 F. 3d 195 (3d Cir. 2006) ...................................................................................... 4

*Flaxel v. Johnson*,
    541 F. Supp. 2d 1127 (S.D. Cal. 2008) ...................................................................... 4

*Northstar Fin. Advisors, Inc. v. Schwab Inv.*,
    2010 U.S. App. LEXIS 16706 (9th Cir. August 12, 2010) ................................... 3, 4

*SEC v. Treadway*, 430 F. Supp. 2d 293 (S.D.N.Y. 2006) ................................................ 5

*Smith v. Franklin/Templeton Distributors, Inc.*,
    2010 U.S. Dist. LEXIS 56516 (N.D. Cal. June 8, 2010) ...................................... 1, 6

*Torsiello Capital Partners LLC v. Sunshine State Holding Corp.*,
    600397/06, 2008 N.Y. Misc. LEXIS 2879 (N.Y. Sup. Ct. April 1, 2008) ................. 4

*Transamerica Mortgage Advisors, Inc. v. Lewis*,
    444 U.S. 11 (1979) .................................................................................................. 2, 3

**STATUTES AND RULES**

Fed. R. Civ. P. Rule 8(a)(2) ................................................................................................ 1

Investment Company Act of 1940
    Section 36, 15 U.S.C. § 80a-35 .............................................................................. 4, 5
    Section 47, 15 U.S.C. § 80a-46 ........................................................................ *passim*
    Section 52, 15 U.S.C. § 80a-51 .................................................................................. 7

SEC Rule 38a-1, 17 C.F.R. § 270.38a-1 ....................................................................... 5, 6

### Overview of Reply

Plaintiff's Opposition to the renewed Motion to Dismiss openly defies the June 8, 2010 Order of this Court by expanding the limited permission to "**amend only the § 47(b) claim**" into an unlimited effort to re-argue virtually every conclusion of law already reached by this Court.

The limited permission granted by this Court obviously required Plaintiff to attempt to identify and plead a predicate violation of the ICA, such as to permit the invocation of § 47(b), a remedy section. This Court did not invite, and should not entertain, reargument of the numerous conclusions of law reached in its Order of June 8, 2010.

The first nine pages of Plaintiff's Opposition are simply a diatribe by Plaintiff expressing his world-view of the state of the Federal Securities Laws, including a grossly distorted (and irrelevant) description of the SEC's new proposal on 12b-1 fees. We confine our Reply to the legal points at issue on this motion, which begin at p. 9, line 17 of Plaintiff's Opposition.

### Reply to Point A. — The Amended Complaint fails to comply with Rule 8(a)(2), Fed. R. Civ. P.

Rule 8(a)(2) Fed. R. Civ. P. **requires** "a short and plain statement of the claim." Plaintiff cites *Ante v. Office Depot Bus. Servs.*, 641 F. Supp. 2d 906 (N.D. Cal. 2009) (Opposition, p. 9) in support of his position. That case is not to the contrary of *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), cited in our moving papers (Memorandum in Support, p. 6) and by this Court in its Order of June 8, 2010. *Smith v. Franklin/Templeton Distributors, Inc.*, 2010 U.S. Dist. LEXIS 56516, at *7 (N.D. Cal. June 8, 2010). The standard is clear; the issue remains, however: does the Amended Complaint meet the standard? *i.e.*, does it contain "a **short** and **plain** statement of the claim?" The Court can reach its own conclusion after wading through the 35-page Amended Complaint. We believe the Amended Complaint is replete with conclusory, didactic and political statements and does not contain "a **short** and **plain** statement of the claim."

1

**Reply to Point B.1. — Section 47(b) does not provide an independent private right of action.**

The material at pages 10-14 of Plaintiff's Opposition is a thinly-veiled attempt to re-argue an issue this Court has already decided against him, *i.e.* that there is no independent private right of action in § 47(b). This Court did not invite reargument; rather, it offered the Plaintiff a limited opportunity to attempt to plead a legally cognizable predicate violation of the ICA.

This Court explicitly concluded, as a matter of law:

> By its terms, **§ 47(b) provides a remedy** for a violation of "any provision of [the ICA] or of any rule, regulation, or order, thereunder," **rather than a distinct cause of action or basis for liability**.
>
> \* \* \*
>
> **The court finds no language in ICA § 47(b) sufficient to create a private right of action under that statute, absent a showing of some other violation of the ICA.** By contrast, another section of the ICA -- § 36(b) -- clearly provides that "[a]n action may be brought under [§ 36(b)] by … a security holder of such registered investment company on behalf of such company…" The absence of similar language in § 47(b) demonstrates that **Congress did not intend that § 47(b) provide an independent private cause of action.** *Smith*, 2010 U.S. Dist. LEXIS 56516, at \*\*19-20. (emphasis supplied)

The material at pp. 10-14 of Plaintiff's Opposition simply ignores the ruling of this Court. Thus, at the conclusion of that section of the Opposition (p. 14), the Plaintiff states, baldly: "**Accordingly, the Court should defer to Congressional intent**, as found in *Transamerica*, **and recognize Plaintiff's valid § 47(b) cause of action**." This speaks volumes and shows that Plaintiff's Point B.1. is nothing more than an attempt, as we noted above, to re-argue a conclusion of law already reached by this Court.

*Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11 (1979), cited by Plaintiff, changes nothing in this Court's Order of June 8, 2010.

1  First, *Transamerica* was not a case involving the ICA, which is the statute at issue here,

2  but rather the IAA, which is not at issue here.

3  Second, as the Supreme Court recognized in *Alexander v. Sandoval*, 532 U.S. 275 (2001),

*Transamerica*, itself, requires, for cognizability, <u>both</u> a private right <u>and</u> a private remedy.  In

*Sandoval*, 532 U.S. at 286, Justice Scalia, citing *Transamerica*, stated:

> The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a **private right** but also a **private remedy**. (emphasis supplied)

At bar, there is, of course, no express private right, and none is to be "implied" under the ICA, as the Ninth Circuit recently held in *Northstar Fin. Advisors, Inc. v. Schwab Investments*, 2010 U.S. App. LEXIS 16706, at **25-27 (9th Cir. August 12, 2010) and, therefore, no legally cognizable claim:

> We now agree with the Second Circuit that the structure of the ICA does not indicate that Congress intended to create an implied private right to enforce the individual provisions of the Act.

Third, *Transamerica* was previously briefed by Plaintiff on the original Motion to Dismiss, answered by Defendants on that motion and available for the Court's consideration on the original Motion to Dismiss.  The fact that the Court chose not to write about *Transamerica* simply speaks to its irrelevance to this case.  This is just another instance of "same old, same old" on the part of the Plaintiff.

Plaintiff would invite this Court (Opposition, p. 11, l. 21 - p. 12, l. 5) to create a private right of action where none exists, expressly, and none is to be implied.  By arguing that a mere "violation" of a section of the ICA, without a private right of action, enables him to invoke the remedy of § 47(b), Plaintiff challenges the immutable law of mathematics that $0 + 0 = 0$.  No private right + no private right = no private right.  Plaintiff would have this Court hold that $0 + 0 = 1$.  By doing so, this Court would fall into the trap of allowing a claim by Plaintiff

3

REPLY MEMORANDUM
 C-09-4775 PJH
ME1 10658350v.1

of "violation" of any number of sections of the ICA to lead to the voiding, via the mechanism of § 47(b), of contracts. Congress has not created private rights for violation of those numerous sections of the ICA and this Court should not allow itself to be led into error by creating such private rights. The Plaintiff's proposition is false and without legal precedent.[1]

**Reply to Point B.2. — Section 36(a) does not provide the necessary predicate violation.**

It is beyond peradventure that there is no express private right of action under § 36(a) of the ICA — a mere reading of that section as contrasted, for example, to § 36(b), makes that clear. Similarly, there is no private right of action to be "implied" under § 36(a) either. *See* cases cited at p. 7 of our Memorandum in Support, particularly *Northstar*, 2010 U.S. App. LEXIS 16706, at **22-29, 41-42.

Plaintiff's attempt to list the "facts" that he has allegedly pled to make out a claim under § 36(a) is unavailing, and, more importantly, irrelevant. No matter what "facts" he pleads, there simply is no private right of action under § 36(a) and, therefore, it <u>cannot</u> constitute the necessary predicate violation of the ICA such as to permit invocation of the remedy provided by § 47(b).

Furthermore (although the Court need not reach this point), even if there were a private right of action under § 36(a) (which there is not), the Amended Complaint fails to plead facts which, if proved, would constitute a violation of § 36(a). That section imposes a fiduciary duty on various parties who "engage in any act or practice constituting a breach of fiduciary duty

---

[1] *Berckeley Inv. Group Ltd. v. Colkitt*, 455 F. 3d 195 (3d Cir. 2006), cited by Plaintiff (Opposition, pp. 11-12), is inapposite: the contract challenged there was between a financing company and a borrower; the contract challenged here is between the Fund and the Distributor. Further, *Berckeley* is a case under the Exchange Act (not the ICA) where the alleged predicate violation, Section 10(b) of the Exchange Act, has a well-recognized private right of action. Similarly, *Flaxel v. Johnson*, 541 F. Supp. 2d 1127 (S.D. Cal. 2008) and *Torsiello Capital Partners LLC v. Sunshine State Holding Corp.*, 600397/06, 2008 N.Y. Misc. LEXIS 2879 (N.Y. Sup. Ct. April 1, 2008) cited by Plaintiff (Opposition, n. 18, p. 12), are inapposite. Neither case involves the ICA, nor § 47(b), of course. *Flaxel* involved a claim for rescission under the Securities Act of 1933 and *Torsiello* involved a dispute between a customer and an unregistered "finder," far from the subject matter of the case at bar.

4

REPLY MEMORANDUM
C-09-4775 PJH
ME1 10658350v.1

involving personal misconduct in respect of any registered investment company." No facts are pled in the Amended Complaint which, if proved, remotely constitute "a breach of fiduciary duty" or "personal misconduct." At most what can be said is that, at bar, the independent directors approved 12b-1 payments, and the distributor made such payments, both acting under color of Rule 12b-1, hardly the stuff of "a breach of fiduciary duty" or "personal misconduct."[2]

Invoking § 36(a) is yet another attempt by Plaintiff to re-argue a point his counsel made on the original Motion to Dismiss. Thus, in the oral argument of April 14, 2010, Mr. Spencer stated (Transcript, pp. 34-35):

> … our allegation is actually that there are two sections -- one section of the ICA and one rule under the ICA that are being violated in this situation. The section is 36(a), and the rule is 38a-1.

### Reply to Point B.3. — Rule 38a-1 does not provide the necessary predicate violation.

The Court should also make short work of this point because it has already held, as a matter of law, that there neither is nor can be a private right of action under that rule:

> Nor does SEC Rule 38a-1 itself create a private right of action under ICA § 47(b). A private right of action to enforce an alleged violation of a federal statute must be created by Congress, not by an agency rule. *Smith*, 2010 U.S. Dist. LEXIS 56516, at **20-21.

Furthermore (although the Court need not reach this point), even if there were a private right of action under Rule 38a-1 (which there is not), the Amended Complaint fails to plead facts which, if proved, would constitute a violation of Rule 38a-1. Plaintiff has failed to plead <u>any</u> facts showing that the Fund at bar (Franklin Income Fund) has failed to adopt and implement

---

[2] *SEC v. Treadway*, 430 F. Supp. 2d 293 (SDNY 2006), cited by Plaintiff is entirely inapplicable. First, it was the SEC suing under §36(a), not a private plaintiff. Second, unlike the situation at bar, the actions complained of involved serious allegations of participation in a fraudulent market-timing scheme and failures to disclose. By contrast, it is undisputed that the 12b-1 payments at bar have been fully disclosed.

5

REPLY MEMORANDUM
C-09-4775 PJH
ME1 10658350v.1

compliance programs that are reasonably designed to prevent violation of the Federal Securities Laws by the Fund — and that is what Rule 38a-1 is all about. As this Court has already held:

> **SEC Rule 38a-1 does not impose on funds a duty to assure that the broker-dealers comply with registration requirements.** Rather, it requires funds to adopt and implement compliance programs that are "reasonably designed to prevent violation of the Federal Securities Laws **by the fund**" and to provide oversight of compliance by certain entities specified in the Rule … but which do not include the broker-dealer firms referenced or identified in the Complaint as the recipients of the 12b-1 fees. (*Id*. at \*23). (emphasis supplied)

**Reply to Point B.4. — The so-called "additional allegations" do not provide the necessary predicate violation.**

Plaintiff acknowledges, at p. 16 of his Opposition that:

> All of the allegations of breach of duty under the ICA are predicated on a finding that the payments at issue are unlawful.

That is a damning and conclusive concession: this Court has, correctly, held that it is not making any such finding of "unlawfulness" as to the 12b-1 payments. This section of Plaintiff's Opposition is nothing more than an attempt by Plaintiff to re-argue *Financial Planning Association*. As this Court held, even if that case were applicable to 12b-1 payments (which is not the case), that would only mean that broker-dealers had to register under the IAA, not that payment of such fees violated the IAA. *See Smith*, 2010 U.S. Dist. LEXIS 56516, at \*22:

> The *Financial Planning* court did not discuss Rule 12b-1 fees; and, even if the *Financial Planning* decision applied to Rule 12b-1 fees, that would not have meant that the payment of such fees violated the IAA – just that the broker-dealers who received such fees would be required to register under the IAA.

6
REPLY MEMORANDUM
C-09-4775 PJH
ME1 10658350v.1

In any event, the Court has also already ruled that violations of the IAA do not provide the necessary predicate for the invocation of § 47(b) (*id.*, at \*\*23-24):[3]

> Finally, to the extent that plaintiff may be attempting to assert a violation of the IAA as the predicate for the § 47(b) claim, the court notes that § 47(b) applies only to "[a] contract that is made, or whose performance involves, a violation of" the ICA or any rule or regulation promulgated thereunder -- not a violation of the IAA. Because the complaint alleges no violation of the ICA which can provide a predicate for the claim under § 47(b), the court finds that the § 47(b) claim fails to state a claim and must be dismissed.

Again, this is yet another attempt by Plaintiff to re-argue, and is not within the intendment of this Court that Plaintiff show that he has a legally cognizable private right of action such as to permit the invocation of § 47(b), a remedy section.

---

[3] Plaintiff's counsel made the same unsuccessful contention in oral argument of the Motion to Dismiss the original Complaint (Transcript of April 14, 2010 Argument, pp. 18-19):

> THE COURT:  And we begin with the Investment Advisers Act as opposed to the Investment Company Act.
>
> MR. SPENCER:  Yes.
>
> THE COURT:  Why is that?  I mean, the allegation is that the violation is of the ICA, correct?
>
> MR. SPENCER:  Partly correct and partly not correct, Your Honor.  We're alleging that the payment arrangement in which Franklin is the -- the source of the funds -
>
> THE COURT:  Right.
>
> MR. SPENCER:  -- violates the Investment Advisers Act, and that the Investment Company Act, in particular, Section 47(b) and what --
>
> THE COURT:  Provides the remedy for that.
>
> MR. SPENCER:  Provides the remedy for that violation….

This position by Mr. Spencer is, of course, fallacious:  to invoke § 47(b) there must be a legally cognizable violation of the ICA, not the IAA.  *See* n. 4 at p. 5 of our original Motion to Dismiss:

> Any attempt by Plaintiff to "bootstrap" himself into the use of § 47(b) by claiming a violation of a section of **another** statute, *e.g.*, the Investment Advisers Act, is unavailing under the plain language of § 47(b), which requires a violation of "**this subchapter**, or of any rule, regulation, or order thereunder."  This subchapter refers to the Investment Company Act of 1940.  *See* 15 U.S.C. § 80a-51.

7

REPLY MEMORANDUM
C-09-4775 PJH
ME1 10658350v.1

## **Conclusion**

The Amended Complaint should be dismissed with prejudice.

Dated:   October 6, 2010

| **McCARTER & ENGLISH, LLP** | **GOODWIN PROCTER LLP** |
|---|---|
| /s/  Daniel A. Pollack<br>By:_____<br>   Daniel A. Pollack<br>   Edward T. McDermott<br>   Anthony Zaccaria<br><br>245 Park Avenue, 27th Floor<br>New York, NY 10167<br>Telephone:  (212) 609-6800<br>Facsimile:   (212) 609-6921<br><br>*Attorneys for Defendants Franklin/Templeton Distributors, Inc., Charles B. Johnson and Rupert H. Johnson* | /s/  Mark Holland<br>By:_____<br>   Mark Holland<br>   Mary K. Dulka<br><br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Telephone:  (212) 813-8800<br>Facsimile:   (212) 355-3333<br><br>*Attorneys for Defendants Ashton, Carlson, Ginn, Holiday, Lahaye, Olson, Thompson, Wilson and Franklin Custodian Funds* |

- and -

**GOODWIN PROCTER LLP**

/s/  Susanne N. Geraghty
By:_____
   Lloyd Winawer
   (State Bar No. 157823)
   *lwinawer@goodwinprocter.com*
   Susanne N. Geraghty
   (State Bar No. 218098)
   *sgeraghty@goodwinprocter.com*
135 Commonwealth Drive
Menlo Park, CA 94025-1105
Telephone:  (650) 752-3100
Facsimile:   (650) 853-1038

*Attorneys for All Defendants*

Of Counsel:
   Brian E. Lorenz, Esq.

8

REPLY MEMORANDUM
 C-09-4775 PJH
ME1 10658350v.1

**PROOF OF SERVICE**

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 6TH day of October, 2010.

/s/ Susanne N. Geraghty
Susanne N. Geraghty

REPLY MEMORANDUM
C-09-4775 PJH